Lane, C. J.
It is a well established equitable principle that the chancellor would not, in many cases, rescind contracts, which he would not aid to execute. It is equally well established that mere inadequacy of price is not a sufficient ground *to rescind, unless it be so gross as to carry evidence of fraud. The plaintiffs *30 are, therefore, not entitled to sustain the present bill, unless-they show some positive fraud, in which Watkins participated.
Mrs. Merritt had a fee-simple property, worth $2,500 or $3,000. In exchange for this, she got a leasehold, having four years to run, and the sum of $400. The annual productive value of the lease was a little more than $100; and it was subject to an annual ground rent of $82, and the taxes. There was a privilege of purchasing the leasehold, at its expiration, at a stipulated price; but it is doubtful if this privilege was worth anything. Here was a property worth $2,500, acquired for a consideration which we do not estimate worth more than $500.
If the contract had been made between persons standing on equal footing, and aware of their rights, we might set down Watkins as being the fortunate holder of the fair side of a sharp bargain. But the person with whom he dealt was a woman somewhat advanced in life, feeble, sickly. She had no property except this. She had been assisted occasionally with money, by Harwood, her stepfather; but ho had declined advancing any more, and she was driven to the necessity of selling this land for support.
The bargain was made through the agency of Harwood, who represented to her that the property she would receive was a fee simple, and productive, while her own was only a vacant lot.
There is, then, the most abundant reason to believe Mrs. Merritt deceived ; but Watkins is not chargeable with the consequences, unless be was a party.
Ho shows he declared he would not deal with a woman, but required the bargain to by entered into by some of her friends, and he offered to leave the price to arbitration. He shows he fully explained the terms of the lease to Harwood. He likewise shows» through the agency of Harwood, he purchased the rights of other heirs of Culbertson Parks upon terms loss favorable — a fact, which, without denying that Mrs. Merritt was ^cheated, only discloses that her brother and sister were cheated worse.
But, on the whole case, a man after acquiring the interests of a set of heirs successively, at a most startling undervalue, through the agency of their stepfather, is found grasping the inheritance of the last, an impoverished and sickly woman, through the active fraud of the same instrument, for one-half its worth. I do not believe an honest man would have done it
Bill’of review dismissed.